UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x          Index No.:   22-cv-3768
IAN CLARKE,

Plaintiff,                                    **COMPLAINT**

**JURY DEMANDED**

        -against-

THE CITY OF NEW YORK,
P.O.  "JOHN DOES"
1 thru 10, of the 75th Precinct,
                                      Defendants.
----------------------------------------------------------------x

   Ian Clarke, by his attorney, Chidi Eze, Esq., complaining of the City of New York,

and Police Officers John Does 1 thru 10 of NYPD 75th Precinct, upon information and belief,

alleges the following:


**NATURE OF ACTION AND JURISDICTION.**

  1.  This is an action at law to redress the deprivation, under color of statute,

ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities

secured to Plaintiff under Article 1 Section 12 of the State of New York Constitution and New

York State Common Law and arising under the First, Fourth, Fifth and Fourteenth Amendments

to the Constitution, and by 42 U.S.C. §1983 [and §1985].

  2.  Jurisdiction is specifically conferred on this court by the Constitution of the United

States.

  3.  Venue is proper because plaintiff resides in the County of Kings, New York.

1

**PARTIES.**

4.      During all times relevant and material to this Complaint, Plaintiff was, and still is a United States Citizen, residing in Brooklyn, City and State of New York.

5.      During all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation, incorporated and existing under the laws of the State of New York.

6.      During all times relevant and material to this case, Defendant Police Officers were employees of Defendant City of New York through its Police Department.

7.      During all times relevant and material to this case, the actions of the defendant officers were part of the custom, practice, usage, regulation and/or direction of Defendant City of New York through their New York City Police Department (hereinafter NYPD), and as such Defendant City of New York is responsible for the actions of the officers.  Defendant City of New York is further responsible for the actions of these individuals Defendants' under the principal agent/*respondeat superior* rule.

**FULFILMENT OF ADMINISTRATIVE PREREQUISITES.**

8.      All conditions precedent for the filing of this action have been complied with: on or about August 12, 2021 written Notice of Claim, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the Supreme Court. Plaintiff was assigned the Claim Number 2021PI022010.

9.      At least thirty days have elapsed since the service of the Notices of Claim and their

Amended versions, and an adjustment or payment of the claims have been neglected or refused by Defendants.

### FACTS COMMON TO ALL CAUSES OF ACTION

10.     The claim arose out of the incidents that transpired on May 19, 2021, at approximately 06:01 A.M., while plaintiff was sleeping in his apartment located at 2324 Pitkin Avenue, Apartment 3D, Brooklyn NY 11207, County of Kings, City and State of New York.

11.     On May 19, 2021, at approximately 06:01 A.M., claimant was sleeping inside his apartment when he heard a big bang noise. He awake to his door being broken down and approximately 10 (Ten) uniformed police officers rushed into his apartment with guns drawn pointed at him and shields.

12.     Without questions plaintiff was immediately searched and handcuffed and taken to the waiting police van downstairs while they ransacked his apartment. After about 45mins in his apartment, the officers came down and took transported plaintiff to the 75th Precinct, located at 1000 Sutter Avenue in Brooklyn NY 11208.

13.     At the Precinct (75th) Plaintiff was fingerprinted, searched again and processed. At approximately 1:00 pm on the same day, Claimant was released from the Precinct with a Desk Appearance Ticket ("DAT"). He was given a return date of 7/18/21. Plaintiff was charged with Criminal Possession of Controlled Substance in the 7th Degree.

14.     Plaintiff was made to appear in court a few times to answer to these charges. Following a motion to dismiss by plaintiff's criminal attorney, which the court granted, all charges against him were dismissed and sealed on August 4, 2021.

15.    In light of the foregoing, Plaintiff has been damaged by the actions of the City of New York and its agents, as he was made to endure a degrading and humiliating public arrest right in his neighborhood, harassed, was arrested and imprisoned for an amount of time exceeding 8 hours without probable cause, lost respect and dignity before family and friends, physically and emotionally damaged, suffered reputation injuries, psychological and emotional distress, some or all of which may be permanent.

16.    The Police Officers acted under pretense and color of state law, in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein was beyond the scope of their jurisdiction, without legal authority, and in direct abuse of their authority.

17.    Defendant City of New York is further responsible for the actions of the individual Defendants' under the principal agent/*respondeat superior* rule and under municipal liable pursuant to section 1983.

## AND AS FOR A FIRST CAUSE OF ACTION

18.    Plaintiff repeats and re-alleges paragraphs 1 through 17 as if each paragraph is repeated verbatim herein.

19.    In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 8 hours without probable cause, deprived him of the rights, remedies, privileges, and immunities guaranteed to him under said law.

20.     In addition, the defendant officers conspire to deny plaintiff his Constitutional rights, secured to him by Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

21.     Plaintiff was denied freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff claims compensatory damages in the amount of $300,000 each, for the violation of his rights under Common Law and for emotional and mental distress.  In addition, because the defendant police officers acted with malice and intentional disregard for plaintiff's Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $100,000 each, in punitive damages.


### AND AS FOR A SECOND CAUSE OF ACTION

22.     Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23.     The Defendant police officers were acting as agents' of the City of New York when they arrested and detained Plaintiff without probable cause. Therefore, under the principal agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages sustained by plaintiff as a result of the actions of these police officers.

24.     Plaintiff seeks compensatory damages in the amount of $300,000, for the violation of his rights, resulting in severe physical, emotional and mental distress.  In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff's Constitutional rights, plaintiff seeks additional $100,000 in punitive damages against the

5

individual defendants.

### AND AS FOR A THIRD CAUSE OF ACTION

25.     Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26.     The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for her constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizure, secured under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments.  By denying Plaintiff his Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

27.     As a result of the seizure of his person, Plaintiff was denied him freedom and liberty and suffered emotional and mental distress thereof. Plaintiff seeks compensatory damages in the amount of $300,000.  In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $100,000 in punitive damages.

### AND AS FOR A FIFTH CAUSE OF ACTION

28.     Plaintiff repeats and re-alleges paragraphs 1 through 27 as if each paragraph is repeated

verbatim herein.

29.     The defendants caused plaintiff to be maliciously prosecuted, when in fact they had information that would lead a reasonable person to believe that plaintiff was innocent of the charges leveled against him, in violation of State and Federal laws. Accordingly plaintiff seeks $300,000 in compensatory damages and $100,000 in punitive damages.

## AND AS FOR A SIXTH CAUSE OF ACTION

30.     Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31.     In light of the foregoing conduct of the defendant, plaintiff was denied his right to a fair trial, secured to him under Federal and State laws, thereby the defendants are liable to plaintiff for monetary damages. Accordingly plaintiff seeks $300,000 in compensatory damages and $100,000 in punitive damages.

## AND AS FOR A SEVENTH CAUSE OF ACTION

32.     Plaintiff repeats and re-alleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33.     The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of the Plaintiff's Constitutional and Federal Law rights, as complained of herein, were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department, therefore, the City of New York is jointly and severally liable with the defendant

police officers for the compensatory damages sustained by Plaintiff herein.

30.     Plaintiff seeks compensatory damages in the amount of $300,000 for the violation of her rights, which resulted in physical, emotional and mental distress.  In addition, because the Defendants acted with malice and intentional disregard for her Constitutional rights, Plaintiff seeks $100,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

    i.     $300,000 in compensatory damages against all the defendants, jointly and severally;

    ii.    $100,000 in punitive damages against the individual defendant police officers, jointly and severally;

    iii.   Attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

    iv.   Such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
       June 27, 2022

By:     /s/ Chidi Eze
    CHIDI EZE
    Attorney for Plaintiff
    255 Livingston Street, 3rd Floor
    Brooklyn, NY 11217
    (718) 643-8800